CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 25, 2013

LETTER TO COUNSEL:

> RE:     *Eric Dru Blake v. Commissioner, Social Security Administration*;
>             Civil No. SAG-11-2318

Dear Counsel:

On August 19, 2011, the Plaintiff, Eric Dru Blake, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 15). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Blake filed his claims for benefits on September 25, 2007. (Tr. 130-40). His claims were denied initially on January 16, 2008, and on reconsideration on June 12, 2008. (Tr. 78-82, 87-90). A hearing was held on October 14, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 30-54). Following the hearing, on February 26, 2010, the ALJ determined that Mr. Blake was not disabled during the relevant time frame. (Tr. 10-29). The Appeals Council denied Mr. Blake's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Blake suffered from the severe impairments of bipolar disorder, depression, anxiety, right arm injury, and obesity. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Blake retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the ability to stand/walk six hours and sit six hours, lift and carry 20 pounds occasionally and 10 pounds frequently using both arms, but is dependent on the dominant left upper extremity for reaching, pushing and pulling, can occasionally stoop, climb stairs, and crouch, with no other postural limitations, and occasionally reach with the non-dominant right upper extremity. In addition, the claimant is able to understand, remember, and execute simple instructions, and is

able to concentrate and pay attention at that level of complexity given customary breaks, can be distracted easily by coworkers and the general public, has difficulty accepting criticism from supervisors, but, with effort, can do it, so that contact with coworkers, supervisors, and the general public is limited to occasional.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Blake could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 24-25).

Mr. Blake presents two primary arguments on appeal: (1) that the ALJ erroneously assessed his RFC; and (2) that the ALJ used a flawed hypothetical to elicit testimony from the VE. Both arguments lack merit.

Mr. Blake's challenge to his RFC has three subparts. First, he submits that the ALJ failed to consider the opinion of the state agency physician, Dr. Lessans. Mr Blake is correct that Dr. Lessans checked eight "moderate limitations" in Section I of his opinion, and that the ALJ did not include all eight limitations in her hypothetical. (Tr. 255-57). However, the relevant portion of Dr. Lessans's opinion is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations, and need not include each of those limitations in the hypothetical to the VE. *See, e.g., Andrews v. Astrue*, Civil No. SKG-09-3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so.").

Second, Mr. Blake contends that the ALJ failed to include a visual limitation in the RFC. Pl. Mot. 7. However, as the ALJ noted, consultative examiner Dr. Jensen deemed Mr. Blake's evaluation to have been "objectively normal," despite the 20/50 visual acuity reading. (Tr. 17-18). Other reviewing physicians concurred that there were no visual limitations. (Tr. 238, 279, 283). Mr. Blake has therefore not met his burden to establish that he had a visual impairment that affected his ability to perform work functions. *See Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the claimant bears the burden of proof during the first four steps of the sequential evaluation).

Third, Mr. Blake contends that the ALJ failed to evaluate appropriately the opinions of Dr. Alan Peck. Pl. Mot. 7-8. The ALJ's opinion contained an extensive summary of Dr. Peck's consultative examination report. (Tr. 16, 18-19, 22, 23). Dr. Peck's thorough report contained both information that could be used to support an argument that Mr. Blake was disabled, and information that could be used to support the contrary position taken by the ALJ. (Tr. 241-46). The ALJ's comprehensive summary of information from Dr. Peck's report constitutes substantial evidence supporting the ALJ's determination, particularly in light of the concurring evaluation

from the state agency medical consultant, Mr. Blake's activities of daily living, and the cognitive evaluation by Dr. Barrish. (Tr. 18-20, 23). Remand is therefore unwarranted.

Mr. Blake's final argument is that the ALJ presented a deficient hypothetical question to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). The ALJ's hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid. Mr. Blake's specific alleged deficiencies are derived from Part I of Dr. Lessan's examination, his visual acuity, and Dr. Peck's report. Those issues were addressed above, and the ALJ's determination on each issue was found to be supported by substantial evidence. Therefore, the ALJ's hypothetical question was sufficient.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge